UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SHAMIR CHAPPELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00552-WTL-MJD |
| | ) | |
| WEXFORD MEDICAL SERV. in official | ) | |
| capacity, | ) | |
| SAMUEL BYRD MD, in official capacity, | ) | |
| REGINA ROBINSON RN, in official capacity, | ) | |
| BARBARA RIGGS in her official and individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Complaint,
Dismissing Insufficient Claim,
and Directing Issuance and Service of Process**

Plaintiff Shamir Chappell, an Indiana inmate incarcerated at the Wabash Valley

Correctional Facility (WVCF), filed this 42 U.S.C. § 1983 action on December 6, 2017. *In forma*

*pauperis* was granted and an initial partial filing fee has been paid.

**I. Screening of the Complaint**

A. Legal Standard

Because Mr. Chappell is a prisoner, the complaint is subject to the screening requirements

of 28 U.S.C. § 1915A. This statute directs that the Court shall dismiss a complaint or any claim

within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief

may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

*Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a

complaint must provide a "short and plain statement of the claim showing that the pleader is

entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and

its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). The Court construes pro se pleadings liberally, and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

B. Plaintiff's Complaint

Mr. Chappell sets out three grounds for relief. First, he asserts that his Eighth Amendment rights are being violated by Wexford Medical Services, a contract provider of medical services for the Indiana Department of Correction (IDOC), by its failure to provide enough physicians to handle the medical needs of over 2,000 inmates. He also contends that Wexford employs a nurse, Barbara Riggs, who interferes with the inmates' access to medical care.

In his second ground for relief, Mr. Chappell asserts that Dr. Samuel Byrd failed to properly treat his serious pain, choosing a less efficacious treatment rather than diagnosing the cause of the pain.

The third ground for relief asserts that Nurse Barbara Riggs continually denied and delayed Mr. Chappell's access to physicians and proper medical treatment.

C. Discussion

Mr. Chappell's claim that Wexford fails to sufficiently staff the medical providers at WVCF and hired and supervised Nurse Riggs knowing she fails to provide adequate care shall proceed as a claim that Wexford maintained a policy that resulted in deliberate indifference to his serious medical needs in violation of the Eighth Amendment. His deliberate indifference to serious medical needs claims against Dr. Byrd and Nurse Riggs shall also **proceed**. Although named in the caption and identified in the complaint, Regina Robinson is otherwise not mentioned. Because no claim is asserted against Ms. Robinson, she is **dismissed** from this action. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). The **clerk is directed** to update the docket to reflect Regina Robinson's dismissal.

## II. Opportunity to Show Cause

The Court has identified the only viable claims and defendants appearing in the complaint. Should Mr. Chappell believe the Court has overlooked claims or defendants that appeared in the complaint, he shall have through **February 15, 2018**, in which to identify those claims and defendants and notify the Court.

## III. Issuance and Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Wexford Medical Services, Dr. Samuel Byrd, and Nurse Barbara Riggs in the manner specified by Rule 4(d). Process shall consist of the complaint, Dkt. No. 2, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

## IV. Obligation to Update Address

The Court must be able to communicate with pro se parties through the United States mail.

Plaintiff shall report any change of address to the Court, in writing, within ten days of any change.

The failure to keep the Court informed of a current mailing address may result in the dismissal of

this action for failure to comply with Court orders and failure to prosecute.

**IT IS SO ORDERED**.

Date: 1/22/18

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Shamir Chappell
212535
Wabash Valley Correctional Facility - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Wexford Medical Services
c/o Douglas P. Long, Registered Agent
500 N. Meridian, Suite 300
Indianapolis, IN 46204

Dr. Samuel Byrd
Medical Provider
Wabash Valley Correctional Facility
6908 S. Old US Highway 41
Carlisle, IN 47838

Nurse Barbara Riggs
Medical Provider
Wabash Valley Correctional Facility
6908 S. Old US Highway 41
Carlisle, IN 47838

Courtesy Copy to:
  Douglass R. Bitner
  Katz Korin Cunningham, P.C.
  334 North Senate Avenue
  dbitner@kkclegal.com