UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SHAMIR CHAPPELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-cv-00552-WTL-DLP |
| | ) |
| WEXFORD MEDICAL SERV. in official capacity, | ) |
| SAMUEL BYRD MD, in official capacity, | ) |
| BARBARA RIGGS in her official and individual capacity, | ) |
| | ) |
| Defendants. | ) |

**Order Granting Motion to Amend Complaint,
Screening Amended Complaint, and Directing Issuance and Service of Process**

### I.  Motion to Amend Complaint

Plaintiff Shamir Chappell's motion to amend complaint, Dkt. No. 13, is **granted**. **The clerk is directed** to re-docket docket entry 13-1 as an amended complaint. This is the operative complaint.

### II. Screening Plaintiff's Amended Complaint

**A.  Screening Standard**

Plaintiff Shamir Chappell is a prisoner currently incarcerated at Wabash Valley Correctional Facility (WVCF). Because Mr. Chappell is a "prisoner" as defined by 28 U.S.C. § 1915(h), the amended complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial

plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

**B.     Background**

Mr. Chappell filed his original complaint on December 6, 2017. That complaint named four defendants: 1) Wexford Medical Services; 2) Dr. Samuel Byrd; 3) RN Regina Robinson; and 4) Barbara Riggs. First, he asserted that his Eighth Amendment rights were being violated by Wexford Medical Services, a contract provider of medical services for the Indiana Department of Correction (IDOC), by its failure to provide enough physicians to handle the medical needs of over 2,000 inmates. He also contended that Wexford employs a nurse, Barbara Riggs, who interfered with the inmates' access to medical care. Mr. Chappell also asserted that Dr. Samuel Byrd failed to properly treat his serious pain, choosing a less efficacious treatment rather than diagnosing the cause of the pain. Finally, he asserted that Nurse Barbara Riggs continually denied and delayed Mr. Chappell's access to physicians and proper medical treatment.

The Court screened the complaint on January 22, 2018, and permitted the following claims to proceed: (1) Eighth Amendment claim against Wexford of a policy that resulted in deliberate indifference to his serious medical needs; and (2) deliberate indifference to serious medical needs claims against Dr. Byrd and Nurse Riggs. Because Nurse Regina Robinson was not identified in the complaint, except in the caption, she was dismissed from the action. Mr. Chappell filed an amended complaint on March 7, 2018.

**C. Mr. Chappell's New Allegations and Claims**

In his amended complaint, Mr. Chappell now wishes to add two new defendants: (1) Dr. J. Dennings and (2) Nurse Regina Robinson. Mr. Chappell alleges that Nurse Regina Robinson continually denied and delayed Mr. Chappell's access to physicians and proper medical treatment. Mr. Chappell further alleges that Dr. J. Dennings failed to properly treat his serious pain by refusing to prescribe any proper pain medication.

**D. Claims that will Proceed**

Based on the above screening, Mr. Chappell's deliberate indifference to serious medical needs claims against Dr. Dennings and Nurse Robinson **shall proceed.**

In short, the claims in this case are: (1) Mr. Chappell's Eighth Amendment claim against Wexford of a policy that resulted in deliberate indifference to his serious medical needs; and (2) Mr. Chappell's deliberate indifference to serious medical needs claims against Dr. Byrd, Dr. Dennings, Nurse Riggs, and Nurse Robinson.

**E. Issuance and Service of Process**

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Dr. Samuel Byrd, Dr. J. Dennings, Nurse Regina Robinson and Nurse Barbara Riggs in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the amended complaint (docket 13-1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The clerk is **directed to add** Dr. J. Dennings and RN Regina Robinson as defendants in this action.

## III. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

**IT IS SO ORDERED.**

Date: 3/9/18

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

SHAMIR CHAPPELL
212535
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Wexford Medical Services
c/o Douglas P. Long, Registered Agent
500 N. Meridian, Suite 300
Indianapolis, IN  46204

Dr. Samuel Byrd
Medical Provider
Wabash Valley Correctional Facility
6908 S. Old US Highway 41
Carlisle, IN  47838

Dr. J. Dennings
Medical Provider
Wabash Valley Correctional Facility
6908 S. Old US Highway 41
Carlisle, IN  47838

Nurse Barbara Riggs
Medical Provider
Wabash Valley Correctional Facility
6908 S. Old US Highway 41
Carlisle, IN  47838

Nurse Regina Robinson
Medical Provider
Wabash Valley Correctional Facility
6908 S. Old US Highway 41
Carlisle, IN  47838

Courtesy Copy to:
   Douglass R. Bitner
   Katz Korin Cunningham, P.C.
   334 North Senate Avenue
   dbitner@kkclegal.com